# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WANZA JUNE HELDERMON ARNOLD,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Case No. CIV-07-1431-F ) |
| **CORNELL COMPANIES, INC.,** | ) ) ) |
| **Defendant.** | ) |

## ORDER

Before the Court is the motion of Defendant Cornell Companies, Inc. for summary judgment (doc. no. 26) on plaintiff's complaint. Defendant asserts that it is entitled to immunity pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq.,* specifically Okla. Stat. tit. 51, § 155 (24), because the plaintiff's loss or claim results from "operation or maintenance of any prison." *Id.* The threads on which defendant's assertion that it is entitled to immunity under the GTCA hangs are 1) that it and the Hinton Economic Development Authority ("HEDA"), a public trust created for the benefit of the town of Hinton, Oklahoma, are designated as the "contractor" in a correctional services contract between HEDA and the State of Oklahoma, Department of Corrections ("ODOC"), for the operation of a private prison; and (2) that in operating a prison, defendant was performing governmental functions or, as defendant puts it, was acting in the administration of government. Defendant submits that it "is considered a political subdivision because it is an instrumentality and/or agency of HEDA," defendant's brief at p. 5; and defendant was designated to act on behalf of the State by the State of Oklahoma because ODOC executed a contract naming defendant as the "contractor" of a private prison, the Great Plains Correctional Facility (GPCF), and the Oklahoma Legislature

authorized ODOC to incarcerate Oklahoma prisoners with private prison contractors, Okla. Stat. tit. 57, § 561; *see* Okla. Stat. tit. 21, § 741.

Plaintiff in response asserts that the Oklahoma Supreme Court's answer to a certified question from this Court in Sullins v. American Medical Response of Oklahoma, Inc., 23 P.3d 259 (Okla. 2001) is dispositive of the issue of whether defendant is entitled to immunity herein under the GTCA. Responding to defendant's argument that operation of a prison is necessarily a governmental function, plaintiff cites to and quotes from the United States Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997) in which the Supreme Court discussed the historical role of private companies operating prisons in the United States and the lack of a historical tradition of immunity for such entities. Finally, plaintiff asserts that defendant waived its defense of governmental immunity by failing to plead it in its answer and to include it in the joint status report filed herein.

Immunity under the GTCA is an affirmative defense which must be pleaded or it is waived. Bentley v. Cleveland County Board of County Commissioners, 41 F.3d 600, 604-05 (10th Cir. 1994). *See* Jackson v. Scott, 18 P.3d 369, 372 (Okla. Civ. App. 2000) (referring to the "defense of immunity" under the GTCA). Because defendant failed to plead the affirmative defense of immunity under the GTCA as required by Rule 8(c), F.R.Civ.P., defendant waived that defense.

However, on the merits, even if the court treats the GTCA–based defense as not waived, defendant is not entitled to assert that defense. It is undisputed that defendant is a private corporation. Although "Hinton Economic Development Authority/Cornell Corrections" are designated the "Contractor" and "owner" in a contract with the State of Oklahoma, *see* Exhibit "1" to Defendant's Brief at p. 7, defendant is not a party to that contract, which is solely between HEDA and ODOC. *See id.* Moreover, that

contract provides that "[t]he contractor is associated with the State only for the purposes and the extent set forth in this contract and, the contractor is and shall be an independent contractor . . . ." *Id.* at pp. 26-7. It further provides that "[t]he Contractor and their agents and employees shall not be considered agents or employees of the State . . . ." *Id*. at p. 27.  Hence, it is clear that neither HEDA or defendant is an agent of the State by virtue of the contract between HEDA and ODOC.  But defendant asserts that it "is considered a political subdivision because it is an instrumentality and/or agency of HEDA," Defendant's Brief at p. 5, and attempts to distinguish the case of <u>Sullins v. American Medical Response of Oklahoma, Inc.</u>, 23 P.3d 259 (Okla. 2001), on that basis.  *Id.* at pp. 5-6.  However, plaintiff has submitted a copy of the Intergovernmental and Private Prison Contractor Agreement between HEDA, which *is* a public trust and an agency of the State of Oklahoma, and defendant for the maintenance and operation of a correctional facility to house medium security inmates known as the Great Plains Correctional Facility.  Exhibit "1" to Plaintiff's Brief.  That contract provides that Cornell Companies, Inc. is designated "the exclusive private prison contractor to manage, maintain and operate the facility" and further specifically provides as follows:

> Cornell in the performance of its duties described in and contemplated by this Agreement shall occupy the position of an independent contractor with respect to the Town and the Authority [HEDA].  Nothing contained herein shall be construed as making the parties hereto partners or joint venturers, nor, except as expressly provided herein, construed as making Cornell an agent or employee of either the Town, or the Authority.

Intergovernmental and Private Prison Contractor Agreement (Exhibit "1" to Plaintiff's Brief) at Section 2.3, p. 2.

The above-quoted provision is dispositive of defendant's assertion that it is an instrumentality or agency of HEDA, a public trust.  The contract between HEDA and

3

defendant makes it clear that it is not. Moreover, the Oklahoma Supreme Court in Sullins v. American Medical Response of Oklahoma, Inc., 23 P.3d 259, made it eminently clear that a private entity such as defendant is not an "entity designated to act in behalf of the State or political subdivision [which includes a public trust]," Okla. Stat. tit. 51, § 152(2), merely because it contracted with a public trust to provide services which the public trust is authorized to provide. 23 P.3d at 264. That the Intergovernmental and Private Prison Contractor Agreement and the Correctional Services Contract provide that Cornell does not waive any immunity defense or defenses which may be available to it, *see* Intergovernmental and Private Prison Contractor Agreement (Exhibit "1" to Plaintiff's Response) at p. 15, § 8.8; Correctional Services Contract (Exhibit "2" to Plaintiff's Response at p. 34), does not serve to confer GTCA immunity upon defendant, as defendant asserts in its Reply Brief.

Defendant is a private corporation and an independent contractor. *Compare* with Sullins, 23 P.3d at 264. In accordance with the foregoing, defendant's motion for summary judgment (doc. no. 26) is **DENIED**.

**IT IS SO ORDERED** this 29th day of October 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1431p006.wpd (pub)